NOT FOR PUBLICATION                                                              CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
MARIO MENDOZA,                              :
                                            :
       Petitioner,                    :    Civil Action No. 11-3540 (JAP)
                                            :
       v.                             :
                                            :
UNITED STATES OF AMERICA                    :
                                            :    **OPINION**
       Respondent.                    :
_____:

PISANO, District Judge

    This case concerns the imminent removal from the United States of Petitioner Mario Mendoza ("Mendoza"). Mendoza petitions the Court for a writ of coram nobis, seeking to vacate the guilty plea and conviction that may ultimately lead to his removal, based on ineffective assistance of counsel in his underlying criminal case. For the reasons that follow, Mendoza's Petition for a Writ of Coram Nobis is DENIED.

**I.     FACTUAL HISTORY**

    The facts of this case are largely undisputed. Mario Mendoza, born in Ecuador in 1965, resides in Elizabeth, New Jersey with his ex-wife and their four children, all United States citizens. Between approximately 1996 and 2001, Mendoza assisted borrowers in qualifying for FHA-insured mortgages in his capacity as a licensed realtor for Weichert Realtors in Union, NJ. He was charged with conspiracy to fraudulently induce the Federal Housing Authority to insure mortgage loans, in violation of 18 U.S.C. § 371, for acts committed from 1999 to 2001. Mendoza retained counsel Glen Cavanaugh, who advised him that pleading guilty to this crime

would not result in a prison sentence, but failed to inform him that as an aggravated felony, it would result in mandatory deportation pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

Mendoza's guilty plea was entered on March 29, 2006.  His plea agreement provided that the loss attributable to the offense was between $200,000 and $350,000, based on the profits derived from the conspiracy.  It also noted increases in the Guidelines offense level due to more than minimal planning and more than one victim, and a decrease due to Mendoza's acceptance of personal responsibility.  Prior to sentencing on September 11, 2006, Mendoza was informed in his Presentence Investigation Report ("PSR") that his felony conviction could subject him to removal proceedings.  He was ultimately sentenced to two years' probation with a six-month term of home confinement and ordered to pay $100,000 in restitution.  One of the conditions of Mendoza's probation was that he cooperate with Immigration and Customs Enforcement, and if deported, that he not re-enter the United States without permission of the Attorney General.

On January 14, 2010, Mendoza filed a motion to withdraw his guilty plea based on ineffective assistance of counsel, for counsel's failure to inform him of the immigration consequences of his guilty plea.  On September 9, 2010, he withdrew the motion.  On June 21, 2011, he filed this Petition for a Writ of Error Coram Nobis.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

The Third Circuit has recognized that persons not "in custody" wishing to challenge a conviction for fundamental defects such as ineffective assistance of counsel may obtain relief through this writ.  *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979); *see also United States v. Golden*, 854 F.2d 31, 32-33 (3d Cir. 1988).  On an ineffective assistance

of counsel claim, the Court is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985). *Hill* adopted the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), but tailored the test for ineffective assistance of counsel claims arising out of a guilty plea. Petitioners must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57; *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (the "prejudice prong").

Judicial scrutiny of counsel's conduct must be highly deferential. *Strickland*, 466 U.S. at 690. Nevertheless, Mendoza has carried his burden as to the first step of the *Strickland*/*Hill* analysis. The United States Supreme Court has held that failing to inform a criminal defendant of the deportation consequences of a guilty plea falls below the standard of reasonableness required of an attorney under the Sixth Amendment right to counsel. *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). Although Mendoza's conviction became final before *Padilla* was decided, the Third Circuit has held that *Padilla* is retroactively applicable. *United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011). Mendoza's plea was entered in March 2006, making *Padilla* clearly applicable under *Orocio*. *See id.* at 642 n.11 (noting that the plea at issue in *Padilla* dated back to 2002, thus it was "not unreasonable to apply those same norms to Mr. Orocio's attorney in 2004.").

The Court must then determine whether or not the defendant suffered prejudice. Where a defendant seeks to show prejudice from ineffective assistance at the plea stage, this "will depend in large part," but not exclusively, "on a prediction whether the [errors] likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 57. *See also Padilla,* 130 S.Ct. at 1482 (quoting *Strickland,* 466 U.S. at 694) (the court must determine "whether 'there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"). The Third Circuit has recognized, however, that a "rational decision not to plead guilty does not focus solely on whether a defendant would have been found guilty at trial— *Padilla* reiterated that an alien defendant might rationally be more concerned with removal than with a term of imprisonment." *Orocio*, 645 F.3d at 643-44 (citing *Padilla*, 130 S.Ct. at 1483).

To support his position, Mendoza submits nothing but his own affidavit stating that, had he known of the potential for deportation, he would have insisted on going to trial. Yet nowhere in the record does Mendoza assert his innocence. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (noting that assertion of innocence is one of the factors weighing in favor of withdrawing a guilty plea). In fact, he has pointed to nothing specific suggesting that he had any chance at a better outcome than the one he received in his 2006 plea bargain. Although Mendoza states that, he "would have, at a minimum, attempted to negotiate a pea [sic] that allowed [him] to stay in the country," Pet'r's Br. Ex. A, at ¶ 6, it is highly unlikely that any such plea agreement was available to him. The losses attributable to his crime far exceed the $10,000 aggravated felony threshold. 8 U.S.C. § 1101(a)(43)(M)(i) (defining aggravated felonies); 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony a deportable offense). The full extent of Mendoza's claim is that, had he known of potential deportation, he would have chosen to gamble on a trial.

Nevertheless, the Third Circuit held under similar circumstances that such bare assertions may be sufficient to satisfy the prejudice prong of an ineffective assistance of counsel claim, and remanded to the District Court so that the issue could be decided on a "developed factual record." *Orocio*, 645 F.3d at 643-45. However, this Court need not engage in further factfinding

here, because it denies the Petition on other grounds.  As discussed below, Mendoza has failed to show that his case merits the exceptional remedy of writ of error coram nobis.

### B. Writ of Error Coram Nobis

A writ of error coram nobis is a rare and extraordinary form of relief available to federal courts in criminal matters under the All Writs Act, 28 U.S.C. § 1651(a).  *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989).  The writ "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. §2255."  *Stoneman*, 870 F.2d at 105-06.  Moreover, it is only appropriate to "correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier."  *Id.* at 106.

Due to the Court's significant interest in finality of judgments, and because the writ is so extraordinary, the standard for a successful collateral attack is more stringent than that of § 2255 petitions.  *Stoneman*, 870 F.2d at 106.  There must be errors of fact "of the most fundamental kind" that "must go to the jurisdiction of the trial court, thus rendering the trial itself invalid."  *Id.*; *United States v. Morgan*, 346 U.S. 502 (1954).  There must be a complete miscarriage of justice.  *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).  The remedy is so extreme that the Supreme Court observed it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."  *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (alteration in original) (citation omitted).

As a threshold matter, the petitioner must show that the conviction carries "continuing consequences," that there "was no remedy available at trial," and that "sound reasons exist for failure to seek relief earlier."  *Stoneman*, 870 F.2d at 106 (internal quotations omitted).  *See also United States v. Babalola*, 248 F. App'x 409, 412 (3d Cir. 2007).  Mendoza asserts that his guilty

plea is invalid based on the ineffective assistance of counsel he received: the failure to advise him of the deportation consequences of his plea.  He further alleges that he suffers continuing, extraordinary consequences, in that he faces deportation after many years in the United States. "[D]eportation is a particularly severe penalty," *Padilla*, 130 S.Ct. at 1481 (internal citations omitted), and qualifies as the type of continuing consequence that may warrant coram nobis relief.

However, Mendoza has failed to demonstrate "sound reasons" for his delay in seeking relief.  Mendoza found out about the potential for removal through his PSR in September 2006, and accordingly does not claim that he was recently unaware of the "continuing consequence" of his guilty plea.  Rather, he alleges that he did not delay seeking relief because "the absence of the benefit of the *Padilla* decision was 'a valid reason for failing to challenge his conviction earlier.'" Pet'r's Br. 10 (quoting *Gudiel-Soto v. United States*, No. 97-0560, 2011 U.S. Dist. LEXIS 9186, at *7 (D.N.J. Jan. 31, 2011)).  In fact, this conclusion is not as inevitable as Mendoza represents.  The Third Circuit has held that *Padilla* did not create a "new rule," but merely clarified Sixth Amendment jurisprudence as applied to modern professional norms. *United States v. Orocio*, 645 F.3d 630, 640 (3d Cir. 2011) ("Lower court decisions not in harmony with *Padilla* were, with few exceptions, decided before 1995 and pre-date the professional norms that, as the *Padilla* court recognized, had long demanded that competent counsel provide advice on the removal consequences of a client's plea.").  *But see Chaidez v. United States,* No. 10-3623, 2011 U.S. App. LEXIS 17546 (7th Cir. Aug. 23, 2011); *United States v. Hong*, No. 10-6294, 2011 U.S. App. LEXIS 18034 (10th Cir. Aug. 30, 2011).  Indeed, without this Third Circuit reasoning, *Padilla* would not have retroactive effect and Mendoza's ineffective assistance of counsel claim would fail for that reason.  *See Chaidez*, U.S. App. LEXIS

17546; *Hong*, U.S. App. LEXIS 18034. At most, whether or not an ineffective assistance of counsel claim was available to Mendoza was unclear before *Padilla*; merely unsettled law does not justify the delay under the strict coram nobis standard. *See, e.g.*, *Hyun Ahn v. United States*, 96 F. App'x 43, 44 (2d Cir. 2004) (Petitioner's "delay in seeking appropriate relief cannot be justified by recent legal developments, which, at best, made [Petitioner's] deportation less likely.").

Mendoza himself demonstrated knowledge of a potential claim by seeking to withdraw his guilty plea based on ineffective assistance of counsel approximately two months before the *Padilla* decision. *Padilla* was rendered in March 2010, and Mendoza withdrew the motion to withdraw his plea in September of that year. The instant Petition is substantively identical to the earlier withdrawn motion. In addition to the withdrawn motion, Mendoza could have filed a direct appeal from his conviction, and he could have filed a habeas motion before his term of probation was over. *See United States v. Zuckerman*, 367 F. App'x 291, 293-94 (3d Cir. 2009); *United States v. Riedl*, 496 F.3d 1003, 1006-07 (9th Cir. 2007); *Hyun Ahn*, 96 F. App'x at 44.

Finally, Mendoza has failed to meet the standard for withdrawing a guilty plea, making his Petition for this extraordinary writ implausible. Under the withdrawal standard, the Court would have considered (1) whether he asserts his innocence, (2) the strength of his reasons for withdrawal, and (3) whether the government would be prejudiced by the withdrawal. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Brown,* 250 F.3d 811, 815 (3d Cir. 2001); *United States v. Huff,* 873 F.2d 709, 711 (3d Cir. 1989)). As discussed above, the severity of the deportation consequence and the serious error committed by counsel in failing to inform Mendoza of that consequence may be a strong reason to revisit a guilty plea. However, there is no question as to the first and third prongs. Mendoza has never asserted his

innocence in the record, and the government would be prejudiced in the prosecution of a case based on events that are already more than a decade past.

### III.	CONCLUSION

Mendoza has failed to convince the court that he could not have sought relief earlier, and thus has not justified the "extraordinary remedy" he now seeks.  *Stoneman*, 870 F.2d at 106.  Accordingly, his Petition For a Writ of Coram Nobis is denied.  An appropriate order follows.

s/ Joel A. Pisano
HON. JOEL A. PISANO

Dated: September 21, 2011